IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LARRY THOMAS, SR., | : |
| Petitioner | : |
| VS. | : |
| | : CIVIL ACTION NO.: 5:08-CV-87 (CAR) |
| FREDRICK BRIGHT, | : |
| Respondent | : |

# ORDER

Petitioner **LARRY THOMAS, SR.**, an inmate at the Coffee County Correctional Facility in Nicholls, Georgia, has filed a petition for writ of habeas corpus under 28 U.S.C. §2241. Petitioner has not paid the $5.00 filing fee; nor has he petitioned the Court to proceed *in forma pauperis*. However, the Court will assume that plaintiff wishes to proceed without prepayment of the fee and will, for purposes of this Order only, allow him to proceed *in forma pauperis*.

According to his petition, petitioner was arrested and charged with theft by deception and theft by conversion in violation of O.C.G.A. § 16-8-3 and O.C.G.A. § 16-8-4. Petitioner also seems to allege that parties have threatened to charge him with "conversion of payments for real property improvements [O.C.G.A. §] 16-8-15." Plaintiff maintains that the charges were brought in bad faith, for the purpose of harassment, and that Respondent has violated his "rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States and State of Georgia Constitutions." Plaintiff requests this Court to "assume jurisdiction of this matter under 28 U.S.C. § 2241 and set if down promptly for a hearing."

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in relevant part:

> The original [habeas corpus] petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. **If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.** (emphasis added)

Upon initial review of the petition filed herein, it clearly appears from the face of the petition

that the petitioner has <u>not</u> exhausted state remedies available to him. According to petitioner's submissions, he has not yet presented his claims to the appropriate state court.

It has been well-settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." ***Picard v. Connor***, 404 U.S. 270, 275 (1971) (citing ***Ex Parte Royall***, 117 U.S. 24l (1886)); ***Braden v. 30th Judicial Circuit Court***, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under § 2241 as well as § 2254); ***Thomas v. Crosby***, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies."). This exhaustion requirement has been codified in 28 U.S.C. § 2254 (b)-(c). The exhaustion requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." ***Wilwording v. Swenson***, 404 U.S. 249, 250 (1971) (quoting ***Fay v. Noia***, 372 U.S. 391, 438 (1963)). Moreover, "[a] state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the state, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). The State of Georgia has a stated policy of <u>not</u> waiving exhaustion.

Under the above circumstances, the petitioner cannot proceed in federal court with a habeas corpus petition at this time. He must first exhaust his remedies in the state courts. Once he has completed all avenues available to him in the state courts, he will then be permitted to return to federal court. Accordingly, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE** to the right of the petitioner to refile once he has afforded the state courts an opportunity to review his grounds for relief.

**SO ORDERED**, this 14th day of April, 2008.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT COURT

lnb